RUBIN EMPLOYMENT LAW
695 US Highway 46 West
Suite 404
Fairfield, NJ 07004
Telephone: (973) 787-8442
arubin@alixrubinlaw.com
Attorneys for Defendant Megadyne America LLC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| Diane Fobert, | ) | |
| | ) | Civil Case No.: 2:21-cv-11011 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **NOTICE OF REMOVAL** |
| | ) | (Diversity) |
| Megadyne - Jason Industrial LLC; | ) | (Document Electronically Filed) |
| John Does 1-5; and Jane Does 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

TO:  THE HONORABLE JUDGES OF THE
      UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY

Defendant Megadyne America LLC ("Megdyne"), incorrectly referenced in the Complaint as Megadyne – Jason Industrial LLC, a corporation organized under the laws of South Carolina, with its principal place of business in the State of Georgia, by and through its attorneys, Rubin Employment Law, respectfully says:

1. Plaintiff Diane Fobert ("Fobert") commenced the above-captioned action on or about March 29, 2021 by filing a Complaint in the Superior Court of New Jersey, Law Division, Essex County, entitled <u>Diane Fobert v. Megadyne – Jason Industrial LLC and John Does 1-5 and Jane Does 1-5</u>, Docket No. ESX-L-002513-21.  This action is now pending in that Court.

2. On April 9, 2021, an Essex County Sherriff served the Complaint and Summons on Megadyne at its offices at 340 Kaplan Drive, Fairfield, New Jersey 07004.  Patricia Halliday

("Halliday"), a Megadyne employee, accepted service of the Complaint and Summons and signed a document presented to Halliday by the Sheriff acknowledging service on that date. This was the first official service on Megadyne of a pleading containing a claim for relief asserted by Fobert that could be removed to this Court. A complete copy of the foregoing papers that Halliday received from the Sheriff, which constitute all the pleadings to date, are annexed hereto as **Exhibit A**.

3. The Court has jurisdiction over this matter, and removal is proper, pursuant to 28 U.S.C. §1332, as there is complete diversity of citizenship, in that:

a. Megadyne is a corporation organized and existing under the laws of the State of North Carolina;

b. Megadyne's principal place of business is 400 Perimeter Center Terrace, North Tower, Suite 725, Atlanta, Georgia 30346. Megadyne's President and Member Tom Doring reports to this Atlanta, Georgia business location, where he spends the majority of his working time providing direction, control and coordination of Megadyne's activities, including but not limited to: (i) making long-term strategic decisions and setting the strategic direction of the business, including the opening and closing of facilities, introducing new product lines, and identifying and deciding on acquisition targets; (ii) selecting officers; (iii) approving capital expenditures and budgets; (iv) directing and coordinating the integration of corporate acquisitions; and (v) supervising and directing Megadyne's other officer Lynn Broaddus, who reports to work at an affiliate's offices in Skokie, Illinois, and Megadyne's General Manager, Kyoyul Oh, who reports to work virtually from Detroit, Michigan.

c. Plaintiff is a citizen of the State of New Jersey. The Complaint reflects Plaintiff's address as 126 Current Drive, Newton, New Jersey 07860.

    d. The above-captioned action is a civil action in which the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states when the proper and only named defendant Megadyne is considered.  In the Complaint, Plaintiff seeks the recovery of "punitive damages, compensatory damages, emotional distress, front pay, back pay, lost earnings power, fees, restoration to position with no loss of seniority, restoration or compensation for full fringe benefits, attorney fees, costs and other such relief as the Court determines is just and proper."  Plaintiff's annual salary at the time her employment ended was in excess of $180,000.00.  Plaintiff alleges she was deprived severance pay in excess of $200,000.00.  Therefore, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332, and this matter may be properly removed pursuant to 28 U.S.C. § 1441.

  4. The Complaint further alleges that the events at issue in the Complaint occurred in  Fairfield, New Jersey, warranting allocation of this matter to the Newark vicinage pursuant to Local Rule 40.1.

  5. This Notice of Removal is filed within the time required by the Federal Rules of Civil Procedure.

  6. Upon the filing of this Notice of Removal, Megadyne shall give written notice to Anthony H. Guerino, Esq., attorney for Plaintiff, and Megadyne shall file copies of this Notice and a Notice of Filing of Removal with the Court Clerk, Superior Court of New Jersey, Law Division, Essex County, New Jersey.

  7. By filing this notice, Megadyne does not waive any defenses that may be available to it, specifically including, but not limited to, the absence of venue in this Court or in the Court from which this action has been removed.

8. There are no other named defendants in this case, so no further consent for removal is needed.

WHEREFORE, Megadyne removes the above-captioned action now pending in the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

> Respectfully submitted,
>
> RUBIN EMPLOYMENT LAW
>
> By: s/ Alix R. Rubin
> Alix R. Rubin
> Attorneys for Defendant
> Megadyne America LLC

Dated: May 10, 2021