**<u>EXHIBIT A</u>**

Received:                Apr  8 2021 05:45pm                    PAGE  02/18
9735892022              ANTHONY GUERINO ESQ

4/07/2021   14:36

## SUMMONS

Attorney(s) Anthony H. Guerino, Esq.

Office Address 92 Elm Road, P.O. Box 1982

Town, State, Zip Code Newark, New Jersey 07101

Telephone Number (973) 589-7673

Attorney(s) for Plaintiff Anthony H. Guerino, Esq.

Diane L. Fobert

_____ Plaintiff(s)

vs.

Megadyne - Jason Industrial LLC

John Does 1-5 and Jane Does 1-5

_____ Defendant(s)

## Superior Court of
## New Jersey

Essex [▼] County

Law         Division

Docket No: ESX-L 002513-21

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Clerk of the Superior Court

DATED: 3/29/21

Name of Defendant to Be Served: Megadyne - Jason Industrial LLC

Address of Defendant to Be Served: 340 Kaplan Drive, Fairfield, New Jersey 07004

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

04/07/2021  14:36  Received:  Apr  8 2021 05:46pm  PAGE  03/18
9735892022  ANTHONY GUERINO ESQ

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

04/07/2021   14:36     Received:
                       9735892022

                                              Apr  8 2021 05:46pm
                                              ANTHONY GUERINO ESQ                    PAGE   04/18

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House—1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

Received:
04/07/2021   14:36        9735892022                    Apr  8 2021 05:46pm
                                              ANTHONY  GUERINO  ESQ                    PAGE   05/18

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn:  Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

04/07/2021  14:36   Received:
9735892022                    Apr  8 2021 05:46pm
ANTHONY GUERINO ESQ

PAGE  06/18

**Anthony H. Guerino, Esq.**
**Attorney ID #: 003981974**
92 Elm Road
**P.O. Box 1982**
Newark, New Jersey 07101
(973) 589-7673
Attorney for Plaintiff

|  |  |
|---|---|
| **DIANE L. FOBERT** | **SUPERIOR COURT OF NEW JERSEY** |
| | **LAW DIVISION: CIVIL PART** |
| **Plaintiff,** | **ESSEX COUNTY** |
| **vs.** | **DOCKET NO.: ESX L 002513-21** |
| | Civil Action |
| **MEGADYNE - JASON INDUSTRIAL** | |
| **LLC; JOHN DOES 1-5; AND JANE** | **COMPLAINT** |
| **DOES 1-5** | |
| **Defendants.** | |

Plaintiff, DIANE L. FOBERT, residing at 126 Current Drive, Newton, New Jersey 07860, by way of Complaint against Defendant MEGADYNE AMERICA LLC - JASON INDUSTRIAL INC, and others, alleges as follows.

## JURISDICTION AND PARTIES

1. The New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-49 under section 1, prohibits, among other things, employment discrimination on the basis of sex, age, disability, and/or conspiracy to discriminate on the bases thereof.

2. Plaintiff DIANE L. FOBERT ("FOBERT"), at all times relevant to the allegations of this Complaint was an employee, Controller, of the Defendant, MEGADYNE AMERICA LLC - JASON INDUSTRIAL INC, ("MEGADYNE") a Limited Liability Company formed under the laws of the State of North Carolina having its principal place of business at 340 Kaplan Drive, Fairfield, New Jersey 07004. MEGADYNE is the business of supplying equipment such as

Received:
04/07/2021  14:38      9735892022

Apr  8 2021 05:47pm
ANTHONY GUERINO ESQ

PAGE  07/18

rubber belts, hoses, power transmission belts and conveyor belts to industry throughout the globe.

## COUNT I
## GENDER DISCRIMINATION

1. Plaintiff FOBERT, at the time of termination of employment was a sixty-nine (69) year old handicapped female who was hired by MEGADYNE on September 18, 1989 as a bookkeeper. Throughout the many years of her employment she increased her knowledge, skills and contribution to the then fledgling company and therefore was promoted as a result of her competence and expertise. Her employment evaluations are a testament to such competence and expertise. In fact, just shortly before her employment was terminated by MEGADYNE she was appointed as Controller/Secretary of AMMEGA HOLDING USA, LLC (AMMEGA), a subsidiary of MEGADYNE. She was also named as an individual signor on all bank accounts both old and new, a further testament to Plaintiff's dedication, loyalty, integrity and hard work.

Part of Plaintiff FOBERT's duties as Controller was to wire sums of money to vendors, subsidiaries, and sister companies of MEGADYNE. She had been performing such transfers for many years getting to know the personnel from companies near and far. Some relationships were on a first name basis where recognition of personnel, sometimes of necessity, was based on the sound of a person's voice. MEGADYNE and Plaintiff FOBERT both benefitted for over a period of thirty-one (31) years as a result of Plaintiff FOBERT's affability with personnel and efficiency in business dealings.

Received:
04/07/2021  14:36    9735892022    Apr  8 2021 05:47pm
ANTHONY GUERINO ESQ    PAGE  08/18

2. On the day of November 27, 2019, Plaintiff FOBERT received a phone call from a foreign based individual named Matteo Tadolini, whose father previously owned MEGADYNE. He requested a transfer of monies to a European account. Plaintiff FOBERT recognized his voice and after the usual salutary greetings, the request for the transfer was accomplished as was the case many times before. Shortly afterward, Plaintiff FOBERT sensed something was amiss whereupon she immediately voided the transfer. As is customary, local law enforcement was called and the Federal Bureau of Investigation (FBI) was notified. The monies were frozen in the transferee bank and efforts to reclaim same were initiated. In this instance the monies were placed in a Hungarian Bank, so the efforts to have the monies returned would be significant and time consuming.

3. An unfortunate aftermath was such that the transaction was an international scam called "phishing" and since the transferee bank was in Hungary, diplomatic channels had to be opened and pursued. The money could not be easily returned. As was Plaintiff's FOBERT's duty, she informed the company officers and proceeded to be involved with the efforts for the money's return as she had done on a previous occasion.

4. It was fortunate that Plaintiff FOBERT had some prior experience in such circumstances. A few years earlier, an employee of MEGADYNE who was a younger able-bodied male, along with a Company officer arranged for the transfer of monies to an affiliate company. Plaintiff FOBERT was asked to aid in that transfer after the decision by the others had already been made to execute the transfer. That transaction was also a scam. When Plaintiff FOBERT was informed of what had taken place, she sensed something was wrong and she immediately voided the

04/07/2021 14:36 Received: 9735892022 Apr 8 2021 05:47pm ANTHONY GUERINO ESQ PAGE 09/18

transfer. She then called local law enforcement and the FBI just as she had later done in 2019. Even though efforts for the return of the money were begun immediately, it took many months before that money was recovered.

5. The male employee and the officer both of MEGADYNE suffered no punishment - no adverse employment action whatsoever. The employee is still with MEGADYNE. Although Plaintiff FOBERT's efforts in that scam were lauded, it was considered all in a day's work for her. Plaintiff FOBERT then suggested that MEGADYNE retain insurance for such occurrences in the future. That advice was not heeded, rather it was scoffed at.

6. In the November 27, 2019 incident, even though the transaction was voided and the result was the same as in the earlier similar event, Plaintiff FOBERT was informed that she would be punished. Plaintiff FOBERT was dismayed and in disbelief. She would not receive a year-end bonus of approximately thirty-five thousand dollars ($35,000.00) and she would not receive an increase in salary for the coming year 2020; however, Plaintiff FOBERT continued as Controller of MEGADYNE, and she was informed that there would be no further employment action. Plaintiff FOBERT relied upon these representations and continued to work.

7. In March of 2020, Plaintiff FOBERT received a letter dated March 9, 2020 from the Vice President of Human Resources that stated that MEGADYNE "decided" to terminate her employment. Not only did MEGADYNE deny her a salary increase, a year-end bonus, but it terminated Plaintiff FOBERT's employment. That did not make sense. Plaintiff FOBERT relied upon the representations of the Vice President of Finance and others that there would be no

further employment action other than what was indicated hereinabove. Not only was she punished for something that was overlooked earlier by her male counterpart, she was terminated as well.

8. Plaintiff FOBERT was discriminated against by being treated differently and disparately from a younger male counterpart within the same employer.

9. As a direct and proximate result of such discrimination by MEGADYNE, Plaintiff FOBERT suffered damages, including, but not limited to, humiliation, emotional distress, lost wages, both past and future, and benefits-financial and otherwise.

**WHEREFORE,** Plaintiff FOBERT, demands judgment against the Defendant MEGADYNE and others for: equitable relief, punitive damages, compensatory damages, emotional distress, front pay, back pay, lost earning power, fees, restoration to position with no loss of seniority, restoration or compensation for full fringe benefits, attorney fees, costs, and such other relief that the Court determines is just and proper.

## COUNT II
## AGE DISCRIMINATION

1. Plaintiff FOBERT repeats the allegations contained in Count I of the Complaint as though same were set forth at length herein.

2. In the last several years of Plaintiff FOBERT's employment, comments about reorganization and replacement personnel were being made by MEGADYNE'S officers. At first Plaintiff

FOBERT only overheard such comments. As time progressed, reorganization talk and replacement personnel talk became a reality. In fact, in the year of Plaintiff FOBERT's termination, the President of the company stepped down and a new President was named. The new President of MEGADYNE was a younger male.

3. It was the new President that took the idea of reorganization and replacing personnel further, such that reorganization plans were being drafted.  On or about November of 2019, it was explained to Plaintiff FOBERT that MEGADYNE wanted "new blood within the company". Plaintiff FOBERT did not understand the impact that such statement would have, but shortly afterwards it was well understood that MEGADYNE wanted younger employees.

4. Plaintiff FOBERT was sixty-eight (68) years of age at the time the comments were made and she felt threatened. All along, it was her desire to leave the company as a retiree, commonly referred to as a "good leaver" and certainly not because of a quest for "young blood." Even though Plaintiff FOBERT was uncomfortable, she tended to her duties as she always had, receiving top rated performance appraisals throughout her years. However, unbeknownst to her, the plans for reorganization and her replacement were surreptitiously being made. After Plaintiff FOBERT's "termination" she was replaced by a younger male. It appeared that Plaintiff FOBERT's termination was a subterfuge to place a younger male in her position. Upon information and belief, MEGADYNE's officers were searching for a replacement for Plaintiff FOBERT even before the November 27, 2019 date of the "scam". From the date of the "scam" to the time Plaintiff FOBERT was terminated, the ongoing search turned into negotiations and an offer of employment for the younger male.  Not only did MEGADYNE plan the replacement of

04/07/2021  14:36      Received:                          Apr  8 2021 05:48pm
                        9735892022         ANTHONY GUERINO ESQ                    PAGE  12/18

Plaintiff FOBERT, in the Company's announcement for the new Controller  it also stated that Plaintiff FOBERT was expected to "train" him.

5. If Plaintiff FOBERT suspected that such planning was afoot, she would have taken advantage of the company's policy for "good leavers" which entitled her to,  upon her leaving,  one week's pay for each year of service, amounting to over Two Hundred Thousand Dollars ($200,000.00).

6. As a direct and proximate result of such discrimination by MEGADYNE, Plaintiff FOBERT suffered damages, including, but not limited to, humiliation, emotional distress, lost wages, both past and future, and benefits-financial and otherwise.

**WHEREFORE,** Plaintiff FOBERT, demands judgment against the Defendant MEGADYNE and others for: equitable relief, punitive damages, compensatory damages, emotional distress, front pay, back pay, lost earning power, fees, restoration to position with no loss of seniority, restoration or compensation for full fringe benefits, attorney fees, costs, and such other relief that the Court determines is just and proper.

## COUNT III
## HANDICAP DISCRIMINATION

1.Plaintiff FOBERT repeats the allegations contained in Count I and Count II of the Complaint as though same were set forth at length herein.

2. Several years before Plaintiff FOBERT's termination, she was required to undergo hip replacement surgery. While she was recuperating from surgery, she was always called by company personnel, including officers, for information or for help and aid with company finances. Plaintiff FOBERT gladly helped whenever she could, but it turned out to be at a significant cost.

3. As the calls became more frequent, Company employees up to and including the President of MEGADYNE repeatedly asked her to return to work. As a loyal employee, Plaintiff FOBERT acquiesced to such urging and returned to the office before the full term of her required convalescence. At that time Plaintiff FOBERT required a cane, sometimes crutches, to walk and was warned by her physician to "not overdo it." She related such information to the Company.

4.  The distance from the parking lot where Plaintiff FOBERT was forced to park to the entranceway of the MEGADYNE offices was over Two Hundred (200) feet.  The walk was onerous. Whereupon, Plaintiff FOBERT asked for a handicap parking spot that was not as remote as the area she was relegated to use. That request fell on deaf ears and the request for accommodation was not acted upon. In fact, it was ignored. Since the office building had no designated handicap parking spaces at all, it appeared that MEGADYNE was oblivious to this issue.

5. Subsequent to this time and partly because of the toll the forced walking was taking, Plaintiff FOBERT required additional second surgery on her hip. After the additional surgery, and after being asked to return to work yet again, earlier than the required convalescence period, Plaintiff FOBERT made a request for accommodation, regarding parking accommodations. Said request,

as before, was not acted upon. Plaintiff FOBERT endeavored to carry on and she continued to make such requests for accommodation from time to time.  Thus, Plaintiff FOBERT was required to undergo additional third surgery. Again, she was forced to return to work early. After Plaintiff FOBERT's third surgery on the same hip, her open and continuing requests for accommodation were not acted upon by MEGADYNE. In fact, nothing was done for any request for accommodation or relief for Plaintiff FOBERT's condition, which now had become a permanent disability causing her to walk with a noticeable limp that necessitated the use of a cane.

6. During the year prior to Plaintiff FOBERT's termination, she was still using a cane, but by this time she was walking with a more pronounced limp. It was obvious to all that she was handicapped. Yet nothing was done to accommodate her. It appears that MEGADYNE and its personnel were trying to force Plaintiff FOBERT out of employment.

7. As a direct and proximate result of such discrimination by MEGADYNE, Plaintiff FOBERT suffered damages, including, but not limited to, humiliation, emotional distress, lost wages, both past and future, and benefits-financial and otherwise.

**WHEREFORE,** Plaintiff FOBERT, demands judgment against the Defendant MEGADYNE and others for: equitable relief, punitive damages, compensatory damages, emotional distress, front pay, back pay, lost earning power, fees, restoration to position with no loss of seniority, restoration or compensation for full fringe benefits, attorney fees, costs, and such other relief that the Court determines is just and proper.

04/07/2021  14:36     Received:
                      9735892022          Apr  8 2021 05:49pm
                                          ANTHONY GUERINO ESQ
                                                                      PAGE  15/18

**COUNT IV**
**CONSPIRACY TO DISCRIMINATE**

1. Plaintiff FOBERT repeats the allegations contained in Count I, Count II and Count III of the Complaint as though same were set forth at length herein.

2. Plaintiff FOBERT was terminated at the end of a long and successful career with MEGADYNE- a career which saw her grow from an entry level Bookkeeper to the Controller of a multi-million-dollar employer, MEGADYNE. During that time, from 1989 to 2020, MEGADYNE grew from a small company to one with global impact. During the last several years of Plaintiff FOBERT's employment she was entitled to separation remuneration of one (1) week's salary per each year employed. Plaintiff FOBERT was covered by such entitlement from September 18, 1989 until the day she was to leave. Said separation monies would be substantial. In Plaintiff FOBERT's case, the amount would be over $200,000.00. After November 27, 2019, especially when she was told that she would forfeit her 2019 year-end bonus and not be entitled to a two (2) percent raise to base salary for the new year (2020) because of the scam, Plaintiff FOBERT questioned why this happened especially when there was nothing done against the other personnel who were victims in the previous scams, including the scam against MEGADYNE in the United Kingdom. In that case, the personnel were working with a person (scammer) who they did not know. In Plaintiff FOBERT'S case she was dealing with a person whose voice she was familiar with-a person who formerly worked for MEGADYNE in Fairfield, New Jersey and whose father previously "owned" MEGADYNE.

04/07/2021  14:36   Received:
9735892822                    Apr  8 2021 05:49pm
ANTHONY GUERINO ESQ                              PAGE  16/18

3. In this instance. MEGADYNE treated Plaintiff FOBERT differently and disparately. She was female. The other principal was male as was the person who replaced her as Controller. She was handicapped, the others were able bodied. She was older than the other individuals and the replacement Controller. Of significance, is the fact that even though she was being treated differently by losing her bonus, her raise to base pay and being terminated, all in violation of the law against discrimination, her termination was contrived.  It appears that MEGADYNE, a company that ignored persons with a disability and one that was looking for "new blood" at the expense of "older blood", was trying to get rid of Plaintiff FOBERT for reasons based upon her age, gender and disability.

4. MEGADYNE, through and along with its servants and employees conspired to deprive Plaintiff FOBERT of employment and separation pay by a trumped-up termination. MEGADYNE and its officers were planning the termination of Plaintiff FOBERT before November 27, 2019. Plaintiff was perceived as old and disabled. She was not the model MEGADYNE was now searching for.


5. During the period up to the time when Plaintiff FOBERT was told that she was terminated, MEGADYNE, through and by its agents, John Does 1-5 and Jane Does 1-5, had conspired to terminate her employment in favor of those employees, replacements and hires who were younger males, younger females and able bodied. By doing so, MEGADYNE would avoid having to pay Plaintiff FOBERT a well-deserved bonus, would not have to increase her salary going into the future and it would not have to tender separation pay of over $200,000.00, to which she would otherwise be entitled, were it not for the wrongful termination and discrimination against her.

6. As a direct and proximate result of such discrimination by MEGADYNE, Plaintiff FOBERT

suffered damages, including, but not limited to, humiliation, emotional distress, lost wages, both

past and future, and benefits-financial and otherwise.

**WHEREFORE,** Plaintiff FOBERT, demands judgment against the Defendant MEGADYNE

and others for: equitable relief, punitive damages, compensatory damages, emotional distress,

front pay, back pay, lost earning power, fees, restoration to position with no loss of seniority,

restoration or compensation for full fringe benefits, attorney fees, costs and such other relief that

the Court determines is just and proper.

Date: 3/29/21

Anthony H. Guerino, Esq
Attorney for Plaintiff

## DESIGNATION OF TRIAL COUNSEL PURSUANT TO R. 4:5-1 (C)

Anthony H. Guerino, Esq. is designated as trial counsel in this matter.

Date: 3/29/21

Anthony H. Guerino, Esq
Attorney for Plaintiff

## CERTIFICATION PURSUANT TO R. 4:5-1(B)(2)

I hereby certify that to the best of my information, knowledge and belief, that the matter in

controversy is not the subject of any other action pending in any court or  a pending arbitration

proceeding, that no other action or arbitration is contemplated; however there may be other

individuals presently designated as John Does and Jane Does to be specifically named as Defendants.

Date:  3/29/21

Anthony H. Guerino, Esq
Attorney for Plaintiff


## CERTIFICATION PURSUANT TO R. 1:38-7(b) & R. 4:5-1(B)(3)

I certify that the confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Date:  3/29/21

Anthony H. Guerino, Esq
Attorney for Plaintiff


## CERTIFICATION OF FILING AND SERVICE

I certify that this Complaint was filed and served within the time prescribed by the Rules of the Court.

Dated:  3/29/21

Anthony H. Guerino, Esq.
Attorney for Plaintiff